783 N.W.2d 795 (2010)
280 Neb. 173
Donald B. EIKMEIER, appellant,
v.
The CITY OF OMAHA, Nebraska, a municipal corporation, et al., appellees.
Cheryl Eckerman, appellant,
v.
The City of Omaha, Nebraska, a municipal corporation, et al., appellees.
Nos. S-09-1183, S-09-1184.
Supreme Court of Nebraska.
July 2, 2010.
*796 Jeff C. Miller, Duncan A. Young, and Keith I. Kosaki, of Young & White Law Offices, Omaha, for appellants.
Alan M. Thelen, Deputy Omaha City Attorney, for appellees.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
Donald B. Eikmeier and Cheryl Eckerman (plaintiffs) signed severance agreements with the city of Elkhorn (Elkhorn) prior to the annexation of Elkhorn by the City of Omaha (Omaha). After litigation and an appeal to this court, Omaha approved resolutions for compensation to Eikmeier and Eckerman but denied their claims for attorney fees and prejudgment interest.
The plaintiffs filed separate lawsuits in Douglas County District Court seeking attorney fees and prejudgment interest. The cases were consolidated, and the district court affirmed the actions of the Omaha City Council (City Council). The plaintiffs appeal from that judgment. We affirm.

*797 SCOPE OF REVIEW
The determination of the applicability of a statute is a question of law, and when considering a question of law, the appellate court makes a determination independent of the trial court. Sindelar v. Canada Transport, Inc., 246 Neb. 559, 520 N.W.2d 203 (1994).

FACTS
Eikmeier and Eckerman are former employees of Elkhorn. Eikmeier was the city administrator, and Eckerman was the city clerk. Each signed a severance agreement with Elkhorn providing for compensation if their employment was terminated due to the annexation of Elkhorn by Omaha.
Omaha annexed Elkhorn on March 1, 2007, at which time the plaintiffs' employment was terminated. Before the effective date of the annexation, Omaha sought declaratory judgments that the severance agreements violated the Nebraska constitutional provision prohibiting the payment of extra compensation to public employees after services have been rendered. We ultimately determined that the severance agreements did not violate Neb. Const. art. III, § 19, and were valid and enforceable. City of Omaha v. City of Elkhorn, 276 Neb. 70, 752 N.W.2d 137 (2008).
The plaintiffs filed claims pursuant to Neb.Rev.Stat. § 14-804 (Reissue 2007), seeking wages, attorney fees, and prejudgment interest. Eikmeier sought $56,167.55 in compensation and $18,722.52 in attorney fees, and Eckerman sought $10,906.79 in compensation and $3,635.60 in attorney fees. On April 14, 2009, the City Council approved resolution No. 334 for Eikmeier to receive compensation of $52,535.57 and resolution No. 335 for Eckerman to receive compensation of $10,890.52. It denied the plaintiffs' requests for attorney fees and prejudgment interest.
Eikmeier and Eckerman filed separate lawsuits seeking attorney fees pursuant to the Nebraska Wage Payment and Collection Act (NWPCA), Neb.Rev.Stat. §§ 48-1228 to 48-1232 (Reissue 2004 & Cum. Supp. 2008), specifically § 48-1231, and pre-judgment interest on the awarded amounts. They did not dispute the amounts determined by the City Council; they simply contended that the City Council should have also awarded them attorney fees and prejudgment interest.
Relying on our opinion in Heimbouch v. Victorio Ins. Serv., Inc., 220 Neb. 279, 369 N.W.2d 620 (1985), the district court determined that the compensation pursuant to the severance agreements was not compensation for labor or services, but was severance pay or liquidated damages which became due upon termination of employment. Determining that severance pay did not fall under the NWPCA, the court found that the City Council's denial of attorney fees was appropriate. The court also concluded that Eikmeier and Eckerman could not recover prejudgment interest because such interest does not accrue against political subdivisions pursuant to Neb.Rev.Stat. § 45-103.04(2) (Reissue 2004). Accordingly, the court affirmed the actions of the City Council. Eikmeier and Eckerman appeal.

ASSIGNMENTS OF ERROR
Eikmeier and Eckerman claim that the district court erred in (1) failing to award attorney fees and (2) failing to award prejudgment interest.

ANALYSIS

ATTORNEY FEES
A party may recover attorney fees and expenses in a civil action only when a *798 statute permits recovery or when the Nebraska Supreme Court has recognized and accepted a uniform course of procedure for allowing attorney fees. Evertson v. City of Kimball, 278 Neb. 1, 767 N.W.2d 751 (2009). After recovering payments due under their severance agreements with Elkhorn, Eikmeier and Eckerman sought attorney fees pursuant to the NWPCA. The issue is whether the amounts recovered in accordance with the severance agreements are wages within the scope of the NWPCA.
The NWPCA allows an employee having a claim for wages which are not paid within 30 days of the regular payday to recover the unpaid wages through the courts. See § 48-1231. If the employee is successful, he or she is entitled to recover attorney fees in an amount no less than 25 percent of the unpaid wages. See id. Wages are "compensation for labor or services rendered by an employee, including fringe benefits, when previously agreed to and conditions stipulated have been met by the employee, whether the amount is determined on a time, task, fee, commission, or other basis." § 48-1229(4).
When applying § 48-1229, we have held that a payment will be considered a wage subject to the NWPCA if (1) it is compensation for labor or services, (2) it was previously agreed to, and (3) all the conditions stipulated have been met. Pick v. Norfolk Anesthesia, P.C., 276 Neb. 511, 755 N.W.2d 382 (2008). The plaintiffs argue that payments under the severance agreements constituted deferred compensation for labor or services and not severance pay. They claim the payments were consideration for their promises to continue to work for Elkhorn until it was annexed by Omaha.
We addressed the issue whether compensation paid after the termination of employment is wages for purposes of the NWPCA in Heimbouch v. Victorio Ins. Serv., Inc., 220 Neb. 279, 369 N.W.2d 620 (1985). In Heimbouch, an insurance salesman who was an independent contractor sought payment of "`Termination Compensation'" pursuant to a contract with the insurance company. 220 Neb. at 281, 369 N.W.2d at 622. We concluded that the compensation due under the contract was not payment for labor or services rendered but was a severance payment or liquidated damages which became due upon the termination of the parties' relationship.
Likewise, in Babb v. United Food & Commercial Workers District Union, Local 271, 233 Neb. 826, 448 N.W.2d 168 (1989), we rejected the claim that severance pay constituted wages under the NWPCA. Gene L. Babb was president of a union, Local 1015, which merged with a second union, Local 271. After the merger, Babb's employment was terminated. Babb sought severance pay from Local 271 in accordance with a policy adopted by Local 1015 prior to the merger, on the grounds that Local 271 had accepted all obligations of Local 1015 under the merger agreement.
When Local 271 refused to pay, Babb invoked the arbitration provision of the merger agreement. The arbitrators denied his claim, and Babb appealed, claiming that Local 271 was in violation of the NWPCA. Relying on Heimbouch, supra, we concluded that the NWPCA did not apply to a "severance payment which becomes due upon termination of employment." Babb, 233 Neb. at 832, 448 N.W.2d at 172.
Similar to the severance agreement in Babb, Eikmeier and Eckerman were entitled to receive payment only if their employment was terminated due to the annexation, consolidation, or merger of Elkhorn with another municipal entity. They were already receiving regular wages and benefits in exchange for their *799 labor and services performed for Elkhorn. Although the payments served as an incentive for Eikmeier and Eckerman to remain employed by Elkhorn, the payments are not automatically characterized as in exchange for labor or services. The payments pursuant to the severance agreements were not earned and did not accrue through Eikmeier's and Eckerman's continued labor. Eikmeier and Eckerman were not entitled to compensation if they resigned, if they were terminated for just cause, or if the annexation did not occur. Therefore, the payments are not compensation for labor or services rendered.
Eikmeier and Eckerman also attempt to characterize our opinion in City of Omaha v. City of Elkhorn, 276 Neb. 70, 752 N.W.2d 137 (2008), as a finding that the severance agreement payments were wages. We disagree. In City of Omaha, we determined that the severance agreements were valid and enforceable and were not an unconstitutional gratuity. We did not determine and it cannot be inferred that we concluded the severance payments were wages under the NWPCA. As such, Eikmeier's and Eckerman's claims of res judicata and collateral estoppel are not applicable.
We find the compensation paid to Eikmeier and Eckerman pursuant to the severance agreements was severance pay and is not subject to the NWPCA. Their claims for attorney fees were properly denied.

PREJUDGMENT INTEREST
Eikmeier and Eckerman also seek prejudgment interest on their claims accruing from July 29, 2008the date of our mandate confirming the validity of the severance agreements. They claim that the amount of their claims was easily calculated as of the time of the mandate.
Generally, prejudgment interest accrues on the unpaid balance of liquidated claims arising from an instrument in writing from the date the cause of action arose until the entry of judgment pursuant to Neb.Rev. Stat. §§ 45-103.02(2) and 45-104 (Reissue 2004). However, this rule is subject to § 45-103.04, which states:
Interest as provided in section 45-103.02 shall not accrue prior to the date of entry of judgment for:
(1) Any action arising under Chapter 42; or
(2) Any action involving the state, a political subdivision of the state, or any employee of the state or any of its political subdivisions for any negligent or wrongful act or omission accruing within the scope of such employee's office or employment.
The plaintiffs argue that § 45-103.04(2) should be read to prohibit prejudgment interest against a political subdivision only when the claim involves a "negligent or wrongful act or omission." We find no merit to this argument. The phrase "negligent or wrongful act or omission" appears between two clauses that specifically and exclusively discuss government employees. Accordingly, we interpret § 45-103.04(2) to prohibit prejudgment interest for (1) any action involving the state, (2) any action involving a political subdivision of the state, or (3) any action involving an employee of the state or political subdivision for any negligent or wrongful act or omission accruing within the scope of such employee's office or employment.
This clarification is in line with our decision in Hammond v. City of Broken Bow, 239 Neb. 437, 476 N.W.2d 822 (1991), determining that § 45-103.04 (Reissue 1988) precluded the plaintiff's claim for prejudgment interest against the city of Broken Bow for claims accruing on or after January 1, 1987. Likewise, we conclude that § 45-103.04 precludes Eikmeier's and *800 Eckerman's claims against Omaha for prejudgment interest on their severance agreement payments.

CONCLUSION
We conclude that the payments received by Eikmeier and Eckerman were not wages under the NWPCA; therefore, the plaintiffs are not entitled to attorney fees. Furthermore, § 45-103.04 prohibits their claims for prejudgment interest. Eikmeier's and Eckerman's claims were properly denied, and the judgment of the district court is affirmed.
AFFIRMED.